U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2026 SEP -2 P 12: 15
CLERK
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MARVIN MENTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00134-cr |
| | ) | |
| KEY MOTORS OF SOUTH BURLINGTON, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER**
**DENYING WITHOUT PREJUDICE**
**APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 4)

Plaintiff Marvin Mentor, a Vermont resident representing himself, seeks to bring an action challenging an automobile loan against Defendants Key Motors of South Burlington, LLC, John Strout, Stephen Menard, Jon Miele, and Ally Bank. On June 30, 2026, the court denied Plaintiff's initial application to proceed *in forma pauperis* ("IFP") as incomplete. On July 21, 2026, Plaintiff filed a revised IFP application, accompanied by a document titled "Amended Affidavit of Indigency[.]" (Docs. 3, 4.)

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Thus, when a plaintiff seeks leave to proceed IFP, the court must determine whether he or she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system.

It is not necessary for a litigant to show that he or she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs

would deprive him or her of the "necessities of life." *Id.* (internal quotation marks omitted); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff submitted a financial affidavit in support of his renewed IFP application. He states that he is presently employed but fails to list how much money he earns. He claims that in the past twelve months he has received money from unemployment insurance benefits but fails to list how much. He avers that he has not received money from any source other than unemployment benefits over the past twelve months, which contradicts his statement that he is currently employed. He states that he has money in a checking or savings account but fails to list how much. He claims that he owns a 2019 Kia Forte but no other assets of value, and that he supports one dependent. He fails to list his monthly expenses.

Plaintiff attached to his financial affidavit an earnings statement for the one week period July 7, 2026 through July 13, 2026, as well as a bank statement for the period June 21, 2026 through July 21, 2026. Most of the entries on the bank statement are indecipherable or appear to be credit card payments for unspecified expenses. The earnings statement shows that Plaintiff receives much of his employment income in tips. It is impossible to determine from these documents Plaintiff's average monthly income and necessary expenses. Plaintiff also submitted a document titled "Amended Affidavit of Indigency[.]" (Doc. 3.) This document consists entirely of conclusory statements and statements of law.

Plaintiff's application is insufficient to establish an entitlement to proceed IFP. "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Byrne v. Delta Airline, Inc.*, 2025 WL 3034998, at *1 (D. Vt. Oct. 30, 2025) (alterations omitted). Because the court cannot discern from Plaintiff's filing that he meets the requirements of 28 U.S.C. § 1915(a)(1), his renewed application for leave to proceed IFP (Doc. 4) is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. 4) is DENIED WITHOUT PREJUDICE.

Plaintiff may pay the filing fee of $405 or refile his application with an affidavit demonstrating his inability to pay the filing fee. **If Plaintiff elects to file another IFP application, the affidavit must explain the amount of his monthly income and the amount of his expenses**. Should Plaintiff fail to pay the filing fee or to refile a complete IFP application within thirty (30) days of this Order, this case shall be dismissed without prejudice.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of September, 2026.

Christina Reiss, Chief Judge
United States District Court